UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YICK Q. LEE, Individually and on Behalf of All Others Similarly Situated,<br>Plaintiffs<br><br>- against -<br><br>47-23 VERNON BLVD LLC and CENTRO PIZZA & ITALIAN KITCHEN INC.,<br><br>Defendants | 26 Civ. 5886<br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff, YICK Q. LEE, by and through his counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, hereby files this Complaint and respectfully alleges against Defendants**:**

**STATEMENT OF CLAIM**

1. Despite the unequivocal mandate of the ADA which has been in place for more than 3 decades, Defendants have elected to disregard their legal obligation by failing to remove existing unlawful architectural barriers at its public accommodation. This deliberate indifference constitutes an ongoing policy and practice that systemically denies Plaintiff, and all other individuals who use wheelchairs or scooters due to disabilities, equal access to and full enjoyment of Defendants' facilities. As a result, mobility impaired individuals are unjustly excluded from the benefits, privileges, and services that a public accommodation is required to provide under the law.

2. Plaintiff files this action on behalf of himself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*, and New York City Human Rights Law, Admin.

Code § 8-107, *et seq*.

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

**VENUE AND JURISDICTION**

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

5. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state law violations pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

7. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

**PARTIES**

8. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of New York County, New York.

9. Defendant 47-23 Vernon Blvd LLC is a New York domestic business corporation company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Queens County.

10. Defendant 47-23 Vernon Blvd LLC is owner of the commercial property which houses a public accommodation named Centro Pizza Bar & Italian Kitchen located at 47-23 Vernon Boulevard, Long Island City, New York.

11. Defendant Centro Pizza & Italian Kitchen Inc. is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Queens County

12. Defendant Centro Pizza & Italian Kitchen Inc. owns or operates the public accommodation named Centro Pizza Bar & Italian Kitchen located at 47-23 Vernon Boulevard, Long Island City, NY 11101.

13. Defendant Centro Pizza & Italian Kitchen Inc. does business under the assumed name Centro Pizza Bar & Italian Kitchen.

**CLASS ACTION**

14. Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use wheelchairs, by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, and who are protected by, and are beneficiaries of, the ADA and New York State Law.

15. Plaintiff, complaining for himself and all others similarly situated residents in the City of New York and State of New York hereby alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

16. References to "Plaintiffs" shall be deemed to include the individually named Plaintiffs,

and each member of the Class, unless otherwise indicated.

**STATUTORY SCHEME**

17. The 2020 United States Census indicates that more than 61 million persons in the United States have a disability. More than 535,000 New York City residents live with an ambulatory disability.

18. The ADA, New York State Human Rights Law, and New York City Human Rights Law recognize individuals with disabilities as a protected class.

19. It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

20. The ADA, New York State Human Rights Law, and New York City Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

21. Construction and accessibility alterations made on or after March 15, 2012 must comply with the 2010 ADA Standards for Accessible Design. *See* 28 CFR Part 36 Subpart D and ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendices B and D. (The 2010 ADA Standards for Accessible Design are hereinafter referred to as “2010 Standards”).

22. Construction and accessibility alterations commenced after January 26, 1992, and before September 15, 2010, must comply with the 1991 ADA Accessibility Standards. *See*, 28 CFR Part 36 Appendix A. (The 1991 ADA Accessibility Standards are hereinafter referred to as “1991 Standards”).

23. Where a public accommodation undertakes an alteration that affects or could affect usability of or access to the public accommodation, it must implement accessibility alterations to the maximum extent feasible so that the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area are readily accessible to and usable by

individuals with disabilities.

24. Public accommodations have a continuous legal obligation to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations.

25. Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

26. The ADA requires public accommodations to make reasonable modifications to the policies, practices, or procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

27. If changes are made in the main use or dominant occupancy of such building, Defendants must implement accessibility features and construction to the entire building, as if the building were hereinafter erected, including direct unobstructed access from the sidewalk to the entrance.

28. Public accommodation located in the City of New York must comply with the Building Code of the City of New York (hereinafter referred to as "BCCNY"). Where BCCNY and ADAAG differ, the standard that provides greater or equal protection for the right of individuals with disabilities shall prevail.

29. The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA and New York City Human Rights Law.

30. The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law. Property leases which contain contradictory language is superseded by the ADA.

31. An alteration that affects, or could affect, the usability of, or access to, an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area is readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

32. Alteration to existing spaces, undertaken under either the 1991 Standards or the 2010 Standards, must comply with the provisions of the applicable Standards unless compliance is technically infeasible.

33. Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law, and New York State Human Rights Law.

**FACTUAL BACKGROUND**

34. Plaintiff is an individual with paralysis that substantially limits his ability to walk and requires him to use a manual wheelchair for mobility.

35. Defendant 47-23 Vernon Blvd LLC owns or leases the commercial property which houses the public accommodation named Centro Pizza Bar & Italian Kitchen located at 47-23 Vernon Boulevard, Long Island City, NY 11101 (hereinafter 'public accommodation').

36. Defendant owns or operates the public accommodation named Centro Pizza Bar & Italian Kitchen located at 47-23 Vernon Boulevard, Long Island City, NY 11101.

37. The floor elevation of the immediate entrance of the public accommodation is within 18 inches of the sidewalk.

38. Upon information and belief, since 1992, Defendants public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

39. In 2003, Defendants undertook substantial construction and accessibility-related

alterations to the commercial space housing Centro Pizza Bar & Italian Kitchen. Despite those alterations, Defendants failed to make the bathroom accessible or provide an accessible route into the public accommodation.

40. In early 2015, Defendants undertook substantial construction and accessibility-related alterations to the commercial space housing Centro Pizza Bar & Italian Kitchen. Despite those alterations, Defendants failed to make its dining tables or bathroom accessible or provide an accessible route into the public accommodation

41. In 2019, an ADA action alleging architectural barriers at the public accommodation was commenced against Defendants. In that case, Plaintiff alleged, among other things, Defendants failed to remove the existing architectural barriers. To resolve that action, Defendants entered into a So-Ordered Stipulation of Settlement requiring them to install a permanent ramp and make the dining tables and bathrooms wheelchair accessible. Defendants nevertheless failed to comply with the court-ordered settlement and did not complete the required accessibility modifications.

42. Plaintiff resides in the neighborhood where Defendants' pizzeria is located.

43. Since 2025, Plaintiff had visited Defendants' pizzeria, however, was unable to enter because of the unlawful architectural barriers identified below prevented him from using and accessing Defendants' public accommodation.

44. Plaintiff is deterred from visiting Defendants' pizzeria because of the existing architectural barriers identified below.

45. Plaintiff is regularly in the area where Defendants' pizzeria is located and intends to return to and avail himself the goods and services offered to the public by Defendants' public accommodation once it becomes readily accessible and usable.

46. Plaintiff is aware of all the architectural barriers identified herein. Each identified

architectural barrier affects Plaintiff and constitutes a barrier to his equal access to and use of Defendants' public accommodation.

47. Features of Defendants' public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

a. The entrances to the public accommodation are not part of an **accessible route** from the sidewalks, in violation of the 2010 Standards § 206.2.1; 2020 BCCNY 1105.1.

b. An accessible route of 36 inches is not provided from the public streets and sidewalks to Defendants' entrance, in violation of the 1991 Standards § 4.3.2 and 4.3.3; 2010 Standards § 206.2.1.

c. There does not exist an accessible route to enter Defendants' public accommodation, in violation of 28 CFR § 36.403(e); 1991 Standards § 4.3.2; 2010 Standards § 402.

d. Does not provide an accessible means of **egress** is not provided, in violation of the 1991 Standards § 4.3.10; 2010 Standards § 207.1.

e. There does not exist **level maneuvering clearance** to enter Defendants public accommodation in violation of the 1991 Standards § 4.13.6, 2010 Standards 404.2.4

f. Upon information and belief, the **closing speed** of the entrance door is more than 5 seconds in violation of the 2010 Standards § 404.2.8.

g. Upon information and belief, the **bathroom door** is less than the minimum clear opening of 32 inches in violation of the 1991 Standards § 4.13.5 and 2010 Standards § 404.2.3.

h. The **bathroom** does not have sufficient **turning space** in violation of the 1991 Standards §§ 4. 2.3 and 4.23.3; 2010 Standards §§ 304 and 603.2. Consequently, Plaintiff, a wheelchair user, cannot reach or access the door hardware to open the bathroom door.

i. Defendants maintain a cabinet on the floor of the bathroom. This cabinet obstructs the turning radius and clear floor space required under the 1991 Standards and 2010 Standards.

j. The bathroom **sink** is inaccessible in violation of the 1991 Standards § 4.19; 2010 Standards § 606.

k. There does not exist sufficient **clear floor space** in front of the bathroom **sink** to allow forward approach in violation of the 1991 Standards §§ 4.19 .3, 4.24.5 and 2010 Standards § 606.2.

l. There does not exist a **rear wall grab** bar in violation of the 2010 Standards § 604.5 and 1991 Standards § 4. 16.4, Fig. 29.

m. The existing **side wall grab bar** is at an inaccessible location and violation of the 2010 Standards § 604.5. 1991 Standards § 4. 16.4, Fig. 29; 2010 Standards § 604.5.1.

n. Bathroom **sinks** are inaccessible in violation of the 1991 Standards § 4.19; 2010 Standards § 606.

o. There does not exist any clear floor space to access the bathrooms sink in violation of the 1991 Standards §§ 4.19, 4.24.5 and 2010 Standards § 606.2.

p. The hot water and **drain pipes** under the lavatory are **exposed** and not insulated or otherwise configured to protect against contact in violation of the 1991 Standards § 4.19.4; 2010 Standards § 606.5.

q. Upon information and belief, the **centerline** of the toilet is not 16 inches minimum to 18 inches maximum from the side wall in violation of 2010 Standards § 604.2.

r. Upon information and belief, the **height of the toilet** is not between 17 inches to 19 inches, measured to the top of the toilet seat in compliance with 1991 Standards § 4.16.3.

s. The **toilet paper dispenser** is not between 54 inches and 19 inches high [1991 standards] in violation of 1991 Standards §§ 4.2.6 and 4.16.6, and 2010 Standards § 604.7.

t. The **soap dispenser** is mounted on the wall at the inaccessible location in violation of the 1991 Standards and 2010 Standards.

u. The **coat hook** on the bathroom door is mounted to high at an inaccessible height and reach range.

v. The **bathroom door loc**k is mounted to high at an inaccessible reach range in violation of 1991 Standards § 4.13.9; 2010 Standards §§ 308 and 309.

w. At least **5% of the seating spaces at the dining services** do not comply with 2010 Standards § 902. There is insufficient clear floor space abutting and at each dining table, which prevents Plaintiff, and all similarly situated wheelchair users, to sit at a dining table.

x. Upon information and belief, the **top of dining tables** are not 28 inches to 34 inches above the floor in violation of 1991 Standards § 4.3 2.4; 2010 Standards § 902.3.

y. There is insufficient **clear floor space** for Plaintiff, and all similarly situated wheelchair users, to forward approach a **dining table** at Defendants' public accommodation in violation of the 2010 Standards § 902 .2.

48. Plaintiff has visited Defendants' pizzeria on numerous occasions. However, was

unable to enter because of existing public accommodations

49. Plaintiff is deterred from visiting Defendants' public accommodation because of the existing accessibility barriers.

50. Plaintiff intends to return to and avail himself the goods and services offered to the public by Defendants' public accommodation once it becomes readily accessible to and usable.

51. The removal of existing architectural barriers is readily achievable.

52. To date, Defendants have failed to remove the architectural barriers.

**FIRST CAUSE OF ACTION**
**(Violations of the Americans with Disabilities Act)**
(Injunctive Relief)

53. Plaintiff is an individual with a disability as that term is defined by the ADA.

54. Centro Pizza Bar & Italian Kitchen located at 47-23 Vernon Boulevard, Long Island City, NY is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104.

55. The primary function of Defendants public accommodation is dining and food service.

56. During or subsequent to the construction and alteration of its public accommodation, Defendants failed to alter its restrooms, dining tables, and indoor dining area.

57. Defendants failed to ensure that, to the maximum extent feasible, the path of travel to the altered area and the restrooms, are readily accessible to and usable by individuals with disabilities.

58. Defendants failed to make alterations to their public accommodation pursuant to the 1991 Standards and 2010 Standards.

59. Defendants have a policy and practice to not remove its existing unlawful architectural

barriers.

60. Defendants failed to design and construct its public accommodation that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

61. It is not structurally impracticable for Defendants' public accommodation to be accessible.

62. Defendants' public accommodation is not fully accessible to, or readily useable by individuals with disabilities.

63. Since 1992, Defendants' public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

64. Defendants failed to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities in violation of 42 U.S. Code § 12183(a)(2).

65. It is not impossible for Defendants to remove the architectural barriers which exist at its public accommodation.

66. Defendants' public accommodation is not fully accessible to, or readily useable by individuals with mobility disabilities who use wheelchairs.

67. Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

68. Defendants have subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, denial of the

opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

69. Defendants have afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

70. Defendants have provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

71. Defendants have not afforded Plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

72. Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

73. Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

74. Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code §

12182(b)(2)(A)(ii).

75. Defendants have failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

76. Defendants should have achieved accessibility by January 26, 1992.

77. The barriers to access Defendants' public accommodation continue to exist.

78. Reasonable modification exist which do not impose an undue hardship on the operation of the Defendants' program or activity.

79. Reasonable modification could be made which do not fundamentally alter the nature of the Defendants' program or activity.

80. The removal of existing architectural barriers is readily achievable.

**SECOND CAUSE OF ACTION**
**(Violations of New York State Human Rights Law)**

(Injunctive Relief and Damages)

81. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

82. Plaintiff is an individual with a disability as that term is defined by New York State Human Rights Law.

83. Centro Pizza Bar & Italian Kitchen located at 47-23 Vernon Boulevard, Long Island City, NY 11101 is a public accommodation within the meaning of New York State Human Rights Law § 292(9).

84. Defendants own, operate, or leases a public accommodation named Centro Pizza Bar & Italian Kitchen located at 47-23 Vernon Boulevard, Long Island City, NY 11101

85. Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

86. Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

87. Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

88. Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

89. Defendants and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

90. Defendants discriminated against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

91. As a direct and proximate result of the disability discrimination perpetrated by Defendants in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer physical pain, and emotional distress -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, and otherwise sustained injury.

**THIRD CAUSE OF ACTION**
**(Violations of New York State Civil Rights Law)**
(Statutory Damages on Behalf of Plaintiff)

92. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

93. On the basis of Plaintiff's disability, Defendants have violated his Civil Rights.

94. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights

Law § 40-c and 40-d, in the amount of $500 for each and every violation.

95. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

96. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

**FOURTH CAUSE OF ACTION**
**(Disability Discrimination in Violations of NYC Human Rights Law)**

(Injunctive Relief and Damages)

97. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

98. Plaintiff is an individual with a disability as that term is defined by NYC Human Rights Law.

99. Centro Pizza Bar & Italian Kitchen located at 47-23 Vernon Boulevard, Long Island City, NY 11101 is a place or provider of public accommodation within the meaning of New York City Administrative Code § 8-102(9).

100. Defendants' refusal, withheld from or denial to a disabled person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation constitutes discrimination in violation of New York City Admin. Code § 8-107(4).

101. Defendants' practice to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of such person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by NYC Human Rights Law constitutes discrimination in violation of New York City Human Rights Law, Administrative Code § 8-107(19).

102. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

103. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

104. In violation of the New York City Administrative Code, Defendants demonstrated, because of Plaintiff's disability, that the patronage of Plaintiff and all others similarly situated was unwelcome, objectionable, and not acceptable.

105. Pursuant to New York City Human Rights Law § 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

106. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer physical pain, and emotional distress -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, and otherwise sustained injury.

**FIFTH CAUSE OF ACTION**
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**
(Injunctive Relief and Damages)

107. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

108. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

109. The conduct of Defendants constitutes a failure to provide Plaintiff reasonable accommodations and modifications in violation of NYC Human Rights Law 8-107(15).

110. In violation of New York City Admin. Code 8-102(4) and (18), and 8-107(4) and 8-107(15), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

111. The necessary reasonable accommodation does not cause Defendants an undue hardship.

112. The conduct of Defendants constitutes discrimination for refusal, or otherwise failure to engage in good faith in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the covered entity has notice may require an accommodation related to disability in violation of New York City Human Rights Law, Administrative Code § 8-107(28)(c).

113. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer physical pain, and emotional distress -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, and otherwise sustained injury.

**SIXTH CAUSE OF ACTION**
**(Aiding and abetting in violation of New York City Human Rights Law § 8-107(6))**

114. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

115. Defendants have aided, abetted, compelled, and coerced each other in the doing of any of the acts forbidden in violation of New York City Human Rights Law, Administrative Code § 8-107(6).

116. As a direct and proximate result of Defendants disability discrimination in violation of New York City Human Rights Law, Administrative Code § 8-107(6), Plaintiff has suffered and

continues to suffer physical pain, and emotional distress -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, and otherwise sustained injury.

**SEVENTH CAUSE OF ACTION**
**(Declaratory Relief)**

117. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

118. Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendants specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief from the Court:

A. Certify this case as a class action;

B. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter its public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; 4) adopt a policy and procedure to remove existing readily achievable architectural barriers and 5) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Law, New York City Human Rights Law, and Title III of the ADA.

C. Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and New York City Administrative Code, and its implementing regulations and declaring the rights of

Plaintiff and other persons similarly situated as to policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

D. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* violation.

E. Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law.

F. Award statutory damages in the amount of $500 for each of Defendants violation of New York State Civil Rights Law § 40-c and 40-d.

G. The court retain jurisdiction over the Defendants until the court is satisfied that the unlawful practices, acts and omissions no longer exist and will not reoccur.

H. Award Plaintiff compensatory damages in the amount of $20,000 for the discrimination perpetrated by Defendants in violation of New York State Human Rights Law.

I. Award Plaintiff compensatory damages in the amount to be determined by trial for the discrimination perpetrated by Defendants in violation of New York City Human Rights Law.

J. Award plaintiff punitive damages in the amount to be determined by the jury for Defendants reckless disregard of Plaintiff's civil rights and their intentional discrimination in violations of New York City Human Rights Law.

K. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: September 21, 2026

Law Offices of James E. Bahamonde, P.C.

_/s/ James E. Bahamonde___________

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiffs
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com